PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE GULLEY, | ) | CASE NO.   5:09-CV-00441 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE PEARSON |
| RICHARD HALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Before the Magistrate Judge is Jesse Gulley's ("Gulley" or "Petitioner") petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  ECF No. 1.  Gulley is incarcerated at the Richland Correctional Institution serving a sentence of nine years imposed for a possession of cocaine conviction.  *See* http://www.drc.ohio.gov/ (website of the Ohio Department of Rehabilitation and Correction for current status of and basis for Gulley's incarceration).

Gulley raises four grounds for relief in his petition.  ECF No. 1 at 24-28.  Warden Hall ("Respondent") acknowledges having custody of Gulley as a result of his conviction, but asserts that all of Gulley's Grounds for Relief are procedurally defaulted and that Ground One and part of Ground Three are not cognizable.  ECF No. 7.  Gulley did not file a response to Respondent's Return of Writ in the form of a traverse or otherwise.

---

[1]  District Court Judge Christopher A. Boyko referred this matter on April 8, 2009, to the undersigned Magistrate Judge to generate a Report & Recommendation decision "pursuant to LR 72.2 et seq."  ECF No. 4.

(5:09-CV-00441)

Having reviewed the record and applicable law, the Court finds that each of Gulley's

Grounds for Relief are procedurally defaulted and that Ground One and part of Ground Three are

not cognizable in a federal habeas corpus proceeding.  Accordingly, the undersigned Magistrate

Judge recommends denying Gulley's petition for a writ of habeas corpus and dismissing the

petition in its entirety with prejudice, as the grounds are all procedurally defaulted and, in

addition, Ground One and the first part of Ground Three are not cognizable.

## I.  Factual and Procedural History

### A.  Underlying Facts, Charged Offense, Verdict and Sentencing

The Stark County Grand Jury issued a one count indictment for felony possession of

cocaine (crack cocaine) on July 1, 2005.  ECF No. 7-3 at 1 (Ex. 1).  Presumably, Gulley pleaded

not guilty as the matter against him proceeded to a jury trial from which the jury found him guilty

and "that the amount of crack cocaine involved . . . was equal to or in excess of twenty-five

grams but was less than one hundred grams."  ECF No. 7-3 at 9-10 (Ex. 5).  On March 9, 2006,

the Court of Common Pleas, Stark County, Ohio imposed a term of nine years incarceration on

the charge of felony possession of cocaine.  ECF No. 7-3 at 12 (Ex. 6).

The Court of Appeals for the Fifth Appellate District summarized the facts underlying

petitioner's convictions and the supporting evidence as follows:[2]

> On May 17, 2005, Canton City Police Officer John Dittmore responded to a
> dispatch call reporting drug activity at the 1300 block of Plain Avenue, Northeast.
> When Officer Dittmore arrived, he did not see any suspicious individuals, but he did

---

[2]  The State appellate court's factual findings shall be presumed correct.  Petitioner has
the "burden of rebutting the presumption of correctness by clear and convincing evidence."  28
U.S.C. § 2254(e)(1).

(5:09-CV-00441)

see a white Escalade parked on the street of the 1200 block. Officer Dittmore believed that the vehicle belonged to Victwan Dorsey, a known drug offender in the area. Accordingly, he positioned his unmarked car to the north of the Escalade and began to observe the vehicle. He also radioed other officers, notifying them of his position. Officer Dittmore spotted two individuals in the Escalade; one in the driver's seat and one in the front passenger's seat. As his fellow officers approached in their unmarked car, Officer Dittmore witnessed Gulley step out of the Escalade and begin to walk across the street to another parked vehicle. Officer Dittmore relayed this information to the approaching officers, who quickly pulled over near the Escalade and exited their car.

When Officers Shawn Overdorf and Craig Riley stepped out of their unmarked car Officer Overdorf asked Gulley to come over and speak to him. Gulley immediately began to run southbound, past the parked vehicle, and around the back of a house on the same side of the street. Officer Overdorf chased Gulley and witnessed him run into the enclosed porch on the back side of the house. The door to the porch closed behind Gulley as he ran inside, but Officer Overdorf was able to see Gulley through the translucent porch enclosure. As he opened the door and entered the glass enclosed porch, Officer Overdorf saw that Gulley had stuck his hands into a "bubble lid" trash can. Fearing that Gulley was reaching for a weapon, Officer Overdorf pushed Gulley away from the trash can and placed him in handcuffs. He then pulled the lid off the trash can. One bag of crack cocaine fell to the floor while another bag remained perched on top of the garbage inside the can. As a result of this incident, the officers placed both Gulley and Victwan Dorsey under arrest. The officers did not inform Gulley of his Miranda rights.

During the booking process at the police station, Gulley asked Officer Riley what level of felony he was being charged with.  When Officer Riley explained that it would depend upon the weight of the cocaine, Gulley responded, "well, it's less than two ounces."

On September 6, 2005, Gulley filed a motion to suppress challenging the basis for his arrest. The trial court held a hearing on September 7, 2005. During a break in the hearing, Gulley began to yell at Officer Overdorf and Officer Dittmore. He accused them of lying on the stand and made several statements, including: (1) "[I have] shoes that cost more than the 43 grams that [I] was caught with;" (2) "[I won't] be caught in Canton again *** [I] was just doing Victwan a favor;" (3) "[I] only deal[] with people in Miami and California now;" and (4) "[I] only deal[] in large amounts." Ultimately, the court determined that the officers had a proper basis to investigate Gulley, follow him when he ran from them, and arrest him upon finding the crack cocaine. The court later determined that the State could introduce Gulley's aforementioned statements during trial.

-3-

(5:09-CV-00441)

After the suppression hearing, Gulley was released on bond. When he failed to appear at his next hearing, however, a warrant was issued for his arrest. Police eventually located Gulley in California and returned him to Ohio for his trial. Gulley filed a motion in limine asking the court to prohibit the State from raising the issue of his flight to California.  The court denied the motion and instructed the jury that it could take Gulley's alleged flight into consideration when determining his guilt.

ECF No. 7 at 2-3.

### B.  Delayed Direct Appeal

On April 21, 2006, Gulley filed a *pro se* notice of appeal in the court of common pleas.

ECF No. 7-3 at 26 (Ex. 10).  Gulley filed, through counsel, a motion for delayed appeal on May

18, 2006.  ECF No. 7-3 at 27 (Ex. 11).  The Stark County Court of Appeals, Fifth Appellate

District ("State Court of Appeals") granted Gulley's motion for delayed appeal on June 5, 2006.[3]

ECF No. 7-3 at 29 (Ex. 12).

Gulley, through counsel, raised the following assignments of error in his brief filed on

March 8, 2007:

I.      The trial court erred in denying the Appellant's Motion to Suppress.

II.     The Appellant was denied a fair trial due to the court's issuance of the flight instruction.

III.    The Appellant's conviction was against the manifest weight of the evidence and the trial court erred in issuing its instructions on constructive possession.

ECF No. 7-3 at 31 (Ex. 13).  On March 3, 2008, the State Court of Appeals overruled Gulley's

---

[3]  The State Court of Appeals dismissed an earlier filed notice of appeal because it had been filed under the wrong appellate case number.  After recognizing the error, the appellate court vacated that inadvertent dismissal and reinstated Gulley's appeal.  *See* ECF No. 7-3 at 29 (Ex. 12).

(5:09-CV-00441)

assignments of error and affirmed the judgment of the trial court.  ECF No. 7-3 at 122 (Ex. 16).

### C.  Application to Reopen Pursuant to Appellate Rule 26(B)

On May 13, 2008, Gulley filed a *pro se* motion to reopen his appeal pursuant to Ohio

Appellate Rule 26(B).  ECF No. 7-3 at 124 (Ex. 17).  Gulley raised the following two

assignments of error:

> 1.  "Appellate Attorney: Derek Lowry, failed Mr. Gully in simple appellate rules
>     of procedure-compulsory process.  Derek Lowry created a "meaningless
>     ritual," in violation of *United States v. Cronic*, 466 U.S. 648, at 659, while
>     also creating a "plain error." See: Criminal Rule § 52(B).
>
> 2.  "This Honorable Appellate Court committed a "plain error," when it put the
>     burden on Mr. Gulley: when the Forth [sic] Amendment puts it on the cops
>     as no probable cause existed to manifest arrest or entering to arrest and
>     seize."

ECF No. 7-3 at 129 (Ex. 18).[4]  The State Court of Appeals denied Gulley's application to reopen

on August 5, 2008.  ECF No. 7-3 at 140 (Ex. 19).  The State Court of Appeals determined that

Error No. 1 lacked merit because it had been previously considered on the merits and could not

form a proper basis for reopening pursuant to Rule 26(B) and that Error No. 2 also lacked merit

because it was not a cognizable claim pursuant to Rule 26(B).  ECF No. 7-3 at 141 (Ex. 19).

### D.  Delayed Appeal to the Ohio Supreme Court

Gulley filed a *pro se* notice of appeal and a motion for a delayed appeal to the Supreme

Court of Ohio on November 6, 2008.  ECF No. 7-3 at 143-64 (Exs. 20 & 21).  Gulley claimed to

appeal the State Court of Appeal's decision denying his motion to reopen but incorporated the

assignments of error from his delayed direct appeal, as if he were appealing the appellate court's

---

[4] Gulley's assignments of error are reprinted as presented in his brief.

(5:09-CV-00441)

judgment.  ECF No. 7-3 at 145-49 (Ex. 21).  The Ohio Supreme Court treated Gulley's motion

for delayed appeal as if he were appealing the State Court of Appeals' denial of his delayed direct

appeal.[5]  *See* ECF No. 7-3 at 179 (Ex. 25) & Ohio S. Ct. Prac. R. II, Sec. 2(A)(4)(c).  The Ohio

Supreme Court denied Gulley's motion for delayed appeal on December 31, 2008.  ECF No. 7-3

at 165 (Ex. 22).

### E. Federal Habeas Petition

Gulley filed, *pro se*, the present petition for federal habeas relief on February 22, 2009,

asserting four grounds for relief:

> (1) [C]onviction obtained in violation of the Federal Constitution's Fourth and
> Fourteenth Amendment set upon a clear and compelling 'abuse of discretion' which
> deprived petitioner's of the right to a fair trial * *see Payton v. New York* (1980), 445
> U.S. 573; *Welsh v. Wisconsin* (1984), 466 U.S. @ 740; and *Minnesota v. Olson*
> (1980), 495 U.S. 91.

> (2) [C]onviction obtained in violation fo the Sixth Amendment guarantee to a 'fair
> trial' and the Fourteenth Amendment right to *due process of law. *see*: U.S.C.A.
> Const. Amends. 6 and 14.; and *Carter v. Rafferty*, *___ U.S. ___.

> (3) [C]onviction obtained in violation of the Federal Constitution's Sixth and
> Fourteenth Amendments where such conviction is against the manifest weight of the
> evidence and substantive plain error surrounding the trial court's issuance of an
> instruction of 'constructive possession.' *see*: U.S.C.A. Const. Amends 6 and 14.

> (4) [C]onviction obtained in violation of the Sixth Amendment right to 'effective
> assistance of counsel.' *see*: *Strickland v. Washington*.

ECF No. 1 at 24-28.[6]  Respondent contends that all of Gulley's Grounds for Relief are

---

[5]  The Rules of the Ohio Supreme Court prohibit delayed appeals from an application to reopen under Rule 26(B).

[6]  Gulley's Grounds for Relief are reprinted as presented in his petition.

-6-

(5:09-CV-00441)

procedurally defaulted and, in addition, that Ground One and part of Ground Three are not cognizable.  ECF No. 7.  Gulley did not file a response to Respondent's Return of Writ in the form of a traverse or otherwise.

## II.  Procedural Gateways to Review

To permit federal judicial resources to focus on only the most compelling cases, a petitioner must successfully pass through several procedural gateways to qualify for federal review.  Those gateways and their application to the instant petition are provided below.

### A.  Jurisdiction

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

Gulley was convicted in the Court of Common Pleas in Stark County, Ohio, which is within the Northern District of Ohio.  This Court, therefore, has jurisdiction over Gulley's petition.

### B.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations period for federal habeas petitions filed by prisoners challenging state-court convictions after its April 24, 1996 effective date.  28 U.S.C. § 2244(d); *McCray v.*

-7-

(5:09-CV-00441)

*Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007).  The one-year period begins to run on the date

judgment became final.  28 U.S.C. § 2244(d)(1); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685-86

(2009).  As this one-year period is not a jurisdictional bar, a petitioner may have an untimely

petition reviewed if the petitioner establishes that the doctrine of equitable tolling applies.

*Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001).

Respondent has not asserted that Gulley's petition is time-barred.  Upon independent

review of the record, the undersigned Magistrate Judge finds that Gulley's petition is timely filed

pursuant to 28 U.S.C. § 2244(d).

### C.  Evidentiary Hearing

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances

when the factual basis of a claim has not been adequately developed in state court proceedings.

28 U.S.C. § 2254(e)(2).

There is no need for an evidentiary hearing in the instant case.  Gulley's claims involve

legal issues that can be resolved without additional factual inquiry.

### D.  Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all available state remedies or have no

remaining state remedies available before a federal court will review a petition for a writ of

habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004);

*Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief

remain available, then the petitioner has not exhausted all of his state remedies.  *Rust v. Zent*, 17

F3d 155, 160 (6th Cir. 1994).  If relief is no longer available in state court, however, exhaustion

(5:09-CV-00441)

can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented

to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether

cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v.*

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir.

2001).  The exhaustion requirement is properly satisfied when the highest court in the state in

which petitioner was convicted has been given a full and fair opportunity to rule on all the

petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

 For purposes of review in this federal habeas proceeding, Gulley's Grounds for Relief are

exhausted.

### E.  Cognizable Claims

 Federal courts have limited subject matter jurisdiction over actions arising from state

court decisions.  In order for a federal court to have subject matter jurisdiction over a habeas

petition seeking review of a state prisoner's conviction, two prerequisites must be met.  First, the

petitioner must be in state custody at the time the habeas petition is filed.  U.S.C. § 2254(a).

Second, the habeas petition must present a federal question, meaning, the prisoner must

challenge the legality of the custody on the ground that it was imposed in "violation of the

Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); U.S.C. § 2254(a).

Federal courts may not issue a writ of habeas corpus based solely upon an error of state law.

*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (per curiam)

( "A federal court may not issue the writ on the basis of a perceived error of state law.").  In fact,

the Sixth Circuit has upheld the dismissal of claims based solely on technical errors of state law

(5:09-CV-00441)

as opposed to violations of constitutional law.  *See e.g.*, *Frazier v. Hoffman*, 343 F.3d 780, 789 (6th Cir. 2003)*, supplemented*, 348 F.3d 174 (6th Cir. 2003) (denying habeas review based upon "technical correctness of [state court's] evidentiary rulings" as opposed to a constitutional ground such as due process); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991) (finding that the district court erred in granting habeas corpus relief on the ground that the plea colloquy failed to conform to state rules; "district court's sole inquiry should have been . . . whether . . . [the] guilty plea comported with the protections of due process").

Respondent argues that Ground One and part of Ground Three are not cognizable for federal habeas review.  The undersigned finds that Ground One and part of Ground Three are not cognizable for the reasons discussed below.

### F.  Procedural Default

Procedural default occurs when a petitioner fails to present his constitutional claims fairly to the highest state court in a federal constitutional context.  *See Anderson v. Harless*, 459 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971).  Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner:

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v Thompson*, 501 U.S. 722, 750 (1991).

-10-

(5:09-CV-00441)

Respondent asserts the defense of procedural default against each of Gulley's Grounds for Relief. The undersigned finds that each of Gulley's Grounds for Relief are procedurally defaulted for the reasons discussed below.

### III.  Analysis

### A.  Ground One and Part of Ground Three are not Cognizable in Federal Court

A federal court reviewing a petition for habeas corpus is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (*citing Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) ( "Whether or not the [state court] complied with the procedural requirements of [state] law is not a matter for this court to decide on a petition for habeas relief. The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure.")). That said, if a state error is so egregious, however, as to amount to a denial of fundamental fairness or of other federal rights, the federal court may grant the habeas petition. *See Pulley*, 465 U.S. at 41.

### 1.  Cognizability of Ground One

In Ground One, Gulley asserts *via* the Fourth Amendment that "the trial court's failure to suppress the illegally gotten material deprived petitioner of a fundamentally fair trial to which the prejudice did systemically attach." ECF No. 1 at 25. Respondent argues Gulley's

(5:09-CV-00441)

Fourth Amendment claim is not cognizable under the Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465 (1976).  The Supreme Court held in *Stone* that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494 (footnote omitted).

The Sixth Circuit has developed a two step inquiry for applying the rule of *Stone*.  *See Riley v. Gray*, 674 F.2d 522, 526-27 (6th Cir.1982).  First, the habeas court "must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim." *Id.* at 526.  Second, the court "must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.*  At this second step, courts should look for "unanticipated and unforeseeable application[s] of a procedural rule which prevent[ ] state court consideration of the merits of the claim." *Id.* at 527.  The holdings of *Stone* and *Riley* are still valid under the revised habeas standards of AEDPA.  *See, e.g.*, *Smith v. Bradshaw*, 2006 WL 2233211, at *4 (N.D. Ohio 2006) ("Though . . . *Stone* predates the AEDPA, analysis under both sources of law is not inconsistent.").

The Sixth Circuit has determined that the procedural mechanism provided by the State of Ohio for the raising and resolving Fourth Amendment claims – the ability to file a pretrial motion to suppress – is "clearly adequate." *Riley*, 674 F.2d at 526.  In fact, Gulley took advantage of that procedural mechanism by filing a motion to suppress and appealing his unfavorable result, pursuant to the Fourth Amendment.  ECF No. 7-3 at 3 (Ex. 2) & 31 (Ex. 13). Therefore, *Riley*'s first inquiry is satisfied.

-12-

(5:09-CV-00441)

Next, the undersigned makes the second *Riley* inquiry: to determine whether presentation of the claim was in fact frustrated because of a failure of the State's mechanism." *Id.* at 526. After his motion to suppress was denied by the trial court, Gulley appealed the denial. Both the state trial court and the state appellate court fully considered his arguments before concluding there had been no Fourth Amendment violation. ECF No. 7-3 at 8 (Ex. 4) & 122 (Ex. 16). Having made full use of Ohio's procedural mechanism that permits a defendant to raise Fourth Amendment claims pretrial and to appeal unfavorable decisions, Gulley "received all the process he was due." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir.2000).  Accordingly, Gulley's first Ground for Relief is not cognizable in federal habeas corpus review.

## 2.      Cognizability of the First Part of Ground Three

In the first part of Ground Three, Gulley argues that his conviction is against the manifest weight of the evidence.  ECF No. 1 at 26.  Respondent contends that a "manifest weight of the evidence claim is not cognizable on habeas corpus review . . . ."  ECF No. 7 at 9.

Federal habeas corpus relief is limited.  Alleged errors in state law and procedure that do not violate a constitutional right are not cognizable in a federal habeas proceeding.  In *Hess v. Eberlin,* 2006 WL 2090093 (S.D. Ohio 2006), the Court explained that a manifest weight of the evidence claim is not an issue recognizable in federal habeas.

> To the extent that petitioner asserts here that his convictions are against the manifest weight of the evidence, such claim is not appropriate for federal habeas corpus review.  The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without enough proof to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.1983).  In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence

-13-

(5:09-CV-00441)

> introduced in favor of the prosecution for a rational trier of fact to find teach element of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence, and the credibility of the witnesses.  *Jackson*, 443 U.S. at 319; *Walker*, 703 F.2d at 969.
>
> However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence – as opposed to one based upon insufficient evidence – requires the appellate court to act as a "thirteenth juror" and review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982).  Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, any claim that petitioner's conviction was against the manifest weight of the evidence cannot be considered by this Court.

*Id.* at *6-7*.

Gulley's manifest weight of the evidence claim raised in the first part of Ground Three challenges an issue of state law; it does not raise a constitutional concern.  Because the first part of Ground Three does not present a federal issue, it is not cognizable in a federal habeas corpus petition.

According to the reasoning above, Ground One and the First part of Ground Three are not cognizable in a federal habeas corpus proceeding and should be dismissed with prejudice.

**B.  All of Gulley's Grounds for Relief are Procedurally Defaulted**

**1.    Procedural Default, Generally**

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509 (1982).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted

-14-

(5:09-CV-00441)

has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). If relief is no longer available in state court, however, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

Two types of procedural failures exist that may preclude federal review of claims in a habeas corpus petition. The first is when a petitioner fails to comply with an "independent and adequate" state procedural rule on which the state court judgement is based. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground). For example, a claim is procedurally defaulted when the state courts reject a direct or post-conviction appeal because the defendant failed to comply with the state procedural rule.

The second type occurs when a petitioner fails to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). If state law no longer allows the petitioner to raise the claim at the time the federal habeas petition is filed, then the claim is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *see also Coleman*, 501 U.S. at 731-32. This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default are

-15-

(5:09-CV-00441)

distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n.28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id.* In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*

The Sixth Circuit uses a four-step analysis to determine whether a claim is procedurally defaulted. *Maupin*, 785 F.2d at 138. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138-39; *see also Wainwright v. Sykes*, 433 U.S. 72 (1977).

A petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Ineffective assistance of counsel can be cause for a procedural default. *Murray*, 477 U.S. at 488. However, the exhaustion doctrine "generally requires that a claim of ineffective assistance be presented to

-16-

(5:09-CV-00441)

the state courts as an independent claim before it may be used to establish cause for a procedural

default."  *Id.* at 489.  Meanwhile, "[d]emonstrating prejudice requires showing that the trial was

infected with constitutional error."  *Id.*  It is not necessary to resolve the issue of prejudice if a

petitioner has not shown cause.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v.

McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Finally, in order to prevent a "fundamental miscarriage of justice," a petitioner's

procedural default may also be excused where a petitioner claims actual innocence.  *See

Coleman*, 501 U.S. at 749-50. "To be credible, such a claim requires petitioner to support his

allegations of constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not

presented at trial."  *Schlup*, 513 U.S. at 324.

> **2.     Gulley did not Timely Appeal to the Ohio Supreme Court
> Grounds One, Two, and Three**

Gulley did not timely appeal the denial of his (delayed) direct appeal to the Supreme

Court of Ohio.  He did, however, file a motion for leave to file a delayed appeal with the

Supreme Court of Ohio.  The Supreme Court of Ohio denied Gulley's motion for leave to file a

delayed appeal.  The denial of a motion for delayed appeal creates a procedural bar to federal

habeas corpus review.[7]  *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (holding the

---

[7]  The Rules of Practice of the Ohio Supreme Court state that a motion for delayed appeal shall state the date of entry of the judgment being appealed and adequate reasons for the delay.  If the court grants the motion, the appellant shall then file a memorandum in support of jurisdiction. *See* Ohio S. Ct. Prac. R. II, Sec. 2(A)(4)(a) and (c).  Therefore, the Ohio Supreme Court reviews a motion for delayed appeal only to determine whether it will allow the appellant to assert propositions of law.

(5:09-CV-00441)

Ohio Supreme Court's denial of an appellant's motion for leave to file a delayed appeal

constitutes a procedural ruling sufficient to bar federal court review of the claims).  Additionally,

Gulley does not assert any "cause for the default and actual prejudice . . . or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501

U.S. at 750.

Therefore, Gulley's Grounds One, Two and Three are procedurally defaulted and,

thereby, barred from federal review because the Supreme Court of Ohio did not review the merits

of these claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (noting that a procedural

bar occurs when a petitioner fails to raise a claim in state court and pursue that claim through the

state's "ordinary appellate review procedures"); *see also State v. Broom*, 40 Ohio St.3d 277, 288-

89, 533 N.E.2d 682 (1988) (noting that in Ohio, the failure to present a claim to either the State

Court of Appeals or to the Supreme Court of Ohio constitutes a waiver of the claim).

Gulley has not demonstrated the requisite cause and prejudice or shown that a

fundamental miscarriage of justice would result if his Grounds for Relief One, Two and Three

are not considered, in order to excuse his procedural default regarding those Grounds.  Due to

this unexcused procedural default, Grounds One, Two and Three should be dismissed with

prejudice.[8]

---

[8] Respondent offers additional bases for procedural default relative to Gulley's claims challenging jury instructions – to wit, Gulley's failure to raise a contemporaneous objection to a perceived error at trial – in Ground Two and part of Ground Three.  ECF No. 7 at 13-15.  The undersigned mentions without fully discussing that additional procedural default, given that denial of those Grounds for Relief is dictated by the more expansive ruling above that Gulley failed to fairly present Grounds One, Two and Three by not timely filing an appeal to the Ohio Supreme Court.  *See supra* pp. 17-18.

-18-

(5:09-CV-00441)

### 3.      Gulley did not Present Ground Four to the State Courts

Gulley did not raise the claim in Ground Four to the State Court of Appeals or the Supreme Court of Ohio.  In Ground Four, Gulley claims ineffective assistance of appellate counsel for counsel's failure to raise the issue that the trial court improperly advised him about post-release control.  ECF No. 1 at 28.  Gulley raised an ineffective assistance of appellate counsel claim in his Rule 26(B) motion to reopen.[9]  That claim, however, is different from the claim raised in Ground Four in the instant habeas petition and has nothing to do with post-release control.  *See* ECF No. 7-3 at 133-37 (Ex. 18).

Gulley's failure to present the claim in Ground Four to the State courts is the gravamen of procedural default.  A federal court conducting a habeas review

> will not review claims that were not entertained by the state court either due to the petitioner's failure to raise those claims in the state courts while state remedies were available or when the petitioner's failure to comply with a state procedural rule prevented the state courts from reaching the merits of the claims.

*Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 430-31 (6th Cir. 2006) (*citing Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006)); *see also Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (requiring a petitioner to show cause and prejudice to excuse the procedural default of claims never before presented in state court).  Thus, Gulley's claim in Ground Four is procedurally defaulted because he never presented that claim to the State courts.

Gulley has not demonstrated the requisite cause and prejudice or shown that a

---

[9]  Because Gulley failed to timely file an appeal of the denial of his Rule 26(B) motion to the Ohio Supreme Court, even if he had repeated that earlier made ineffective assistance argument in his federal habeas, it would be procedurally defaulted and Gulley would have to show cause and prejudice or manifest injustice to warrant its consideration.

(5:09-CV-00441)

fundamental miscarriage of justice would result if Ground Four were not considered, in order to excuse his procedural default regarding Ground Four.  Due to this unexcused procedural default, Ground Four should be dismissed with prejudice.

### IV.  Conclusion and Recommendation

For the foregoing reasons, the undersigned Magistrate Judge finds that Grounds One, Two, Three, and Four are procedurally defaulted and that Gulley has failed to establish cause and prejudice or show that failure to consider those Grounds for Relief will result in a fundamental miscarriage of justice to excuse his procedural default.  Additionally, for the reasons provided above, Ground One and part of Ground Three are not cognizable in this federal habeas corpus proceeding.

Accordingly, the undersigned Magistrate Judge recommends denying Jesse Gulley's petition for a writ of habeas corpus and dismissing the petition in its entirety with prejudice, as the grounds are all procedurally defaulted and, in addition, Ground One and the first part of Ground Three are not cognizable.


  March 22, 2010                             s/ *Benita Y. Pearson*
Date                                     United States Magistrate Judge


### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-20-